**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>ANTONIO PAULITO PLAKETTA,<br><br>    Defendant-Appellant. | No. 17-50156<br><br>D.C. No. 3:16-cr-02698-BAS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Antonio Paulito Plaketta appeals from the district court's judgment and

challenges the 33-month sentence imposed following his guilty-plea conviction for

transportation of certain aliens and aiding and abetting, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(ii), (v)(II).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Plaketta contends that the district court erred in enhancing his offense level under U.S.S.G. § 2L1.1(b)(6) (permitting enhancement where the offense "involve[s] intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person"). We review the district court's identification of the correct legal standard de novo, the district court's findings of fact for clear error, and the application of the Guidelines to those facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Plaketta's contention, the record demonstrates that the district applied the correct legal standard. Under the circumstances of this case, the court's shorthand reference to "bodily injury," rather than "serious bodily injury," is insufficient to overcome the presumption that the district court knows the law and applied it in making its decision. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court considered the facts of this particular case and did not apply a per se rule. The district court did not abuse its discretion in concluding that the manner in which the alien was transported in this case made the additional risk to him "significantly greater than the risks normally borne by ordinary passengers during normal vehicular travel." *United States v. Torres-Flores*, 502 F.3d 885, 891 (9th Cir. 2007).

**AFFIRMED.**